DAVIS GRAHAM & STUBBS LLP
Cecilia Lee, Esq.
Nevada Bar No. 3344
Elizabeth High, Esq.
Nevada Bar No. 10082
50 West Liberty Street, Suite 950
Reno, Nevada 89501
Telephone: 775.229.4219
Facsimile: 775.403.2187
Email: cecilia.lee@dgslaw.com
Email: elizabeth.high@dgslaw.com

> Electronically Filed June 24, 2016

Attorneys for Chapter 7 Trustee Christina W. Lovato

## UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>WILLIAM M. JOHNSON JR.,<br><br>Debtor. | Case No.: BK-N-14-50067-BTB<br><br>Chapter 7 Case<br><br>**MOTION FOR ORDER AUTHORIZING THE TRUSTEE TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AT AUCTION; AND**<br><br>**MOTION TO ABANDON PERSONAL PROPERTY**<br><br>Hearing Date:  July 26, 2016<br>Hearing Time:  2:00 p.m. |

Pursuant to 11 U.S.C. §363, Trustee Christina W. Lovato (the "Trustee"), by and through her counsel Cecilia Lee, Esq. and Elizabeth High, Esq., Davis Graham & Stubbs LLP, hereby asks the Court to enter an order authorizing the Trustee to sell the following personal property by auction free and clear of any liens, claims and encumbrances: (1) a 1956 Piper Airplane (the "Airplane") currently located in airplane hangar B8 at the Truckee Tahoe Airport; (2) a 1994 Larsen boat (the "Boat") and 1994 Zieman boat trailer (the "Trailer"), currently in

the possession of Samantha Brockelsby of Auctions Buy Sammy B (the "Auctioneer");[1] (3) a 1997 Harley Davidson motorcycle (the "Motorcycle"), currently in the possession of the Trustee's Auctioneer; and (4) any and all remaining personal property of value located in hangar B8 at the Truckee Tahoe Airport ("Remaining Property," and collectively with the Airplane, the Boat, the Trailer and the Motorcycle, the "Property").

To the extent that the Remaining Property consists of items that are of little or no value or personal in nature, the Trustee requests an order pursuant to 11 U.S.C. §554 permitting her to abandon the items to the Debtor.

In support of this Motion, the Trustee submits the following memorandum of points and authorities, the attached exhibits, the Declaration of Christina W. Lovato, and the papers and pleadings on file in this case, of which the Trustee asks this court to take judicial notice. Fed. R. Evid. 201.

## I.    INTRODUCTION

In March, the Trustee became aware of certain undisclosed property of the estate located in two airplane hangars at the Truckee Tahoe Airport – hangars B6 and B8 – including but not limited to the Airplane, the Boat and Trailer, the Motorcycle,[2] and the Remaining Property. The Trustee seeks to auction this property of the estate for several reasons. First, the Trustee has been informed by the Truckee Tahoe Airport that Federal Aviation Administration ("FAA") regulations require that the Trustee remove the airplane from the hangar because it is not currently in flyable condition. Based on advice from the Trustee's Auctioneer, the Trustee has determined that moving the airplane will be cost prohibitive such that the airplane should be auctioned in place.

Second, the Trustee was required to move the Boat and Trailer from the Truckee Tahoe Airport, hangar B6 because the lease for the hangar (which had been leased by Peggy Hines, the Debtor's former partner who passed away in August 2015) had expired.

---

[1] The Trustee will submit a separate Ex Parte Application to Employ Samantha Brockelsby of Auctions Buy Sammy B.

[2] The Debtor disclosed the Motorcycle on his Schedule B. Docket No. 63.

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

2

The Trustee has determined that the value of the Property does not warrant the estimated storage costs that will be incurred while waiting for the completion of the Debtor's 2008 – 2015 tax returns and the calculation of the total liability of the estate. Thus, the Trustee believes it is most cost effective to sell all of the above items. Based on these and other facts set forth below, the Trustee hereby moves this Court for an order permitting the sale of the Property by auction and the abandonment to the Debtor of any Property the Trustee ultimately concludes is of inconsequential value or a burden to the estate.

## II.    STATEMENT OF FACTS

1.    On January 16, 2014, William M. Johnson Jr. (the "Debtor") filed an individual voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court, Case No. BK-N-14-50067-BTB. Docket No. 1.

2.    On June 16, 2014, the Court entered its Order Approving Debtor's Motion to Convert from Chapter 13 to Chapter 11 Case. Docket No. 48.

3.    On January 14, 2015, the Court entered its Order Converting Case to Chapter 7. Docket No. 94. Christina Lovato was appointed as the Trustee.

4.    On or around March 9, 2016, the Trustee was informed that two plane hangars located at the Truckee Tahoe Airport – hangars B6 and B8, one of which the Debtor has been renting for years – housed previously undisclosed property of the estate. Lovato Declaration.

**Hangar B6: Boat and Trailer**

5.    Hangar B6 was leased by Ms. Hines prior to her death. Lovato Declaration.

6.    Upon investigation, the Trustee discovered that hangar B6 housed a 1994 Larson boat, Hull No. LAR383114494, Registration No. NV 2749 KS, sitting atop of a 1994 Zieman boat trailer, VIN 1ZCB1801XRYW58524. Attached hereto as Exhibit A is a photograph of the Boat and Trailer. Both items are owned by the Debtor and are property of the estate. Id.

7.    On or around March 31, 2016, the Truckee Tahoe Airport removed the Boat and Trailer from hangar B6 and placed it in an outdoor storage area. Id.

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

3

8.      On May 5, 2016, the Trustee's Auctioneer retrieved the Boat and Trailer from the Truckee Tahoe Airport and transported the items to her storage facility, where she is currently storing those items in anticipation of auction.  Id.

**Hangar B8: Airplane and Remaining Property**

9.      The Debtor rented hangar B8 for numerous years, until approximately March 2016, when the Truckee Tahoe Airport changed the lock at the request of the Trustee.  Lovato Declaration. Since March 2016, the estate has been paying the $406.00 monthly hangar fee. Id.

10.     The Trustee discovered that hangar B8 houses a 1956 Piper airplane, Model PA-23150, Tail Number N2042P, Serial Number 23-625. Id. Attached hereto as Exhibit B are photographs of the Airplane.

11.     The FAA registry for Tail Number N2042P demonstrates that the Airplane is registered to the Debtor. Lovato Declaration.  In addition, the Washoe County Assessor's office lists William M. Johnson, Jr. as the "Current Owner" of the Airplane.  Id. The address and hangar number associated with the Assessor's listing are those of the Debtor. Id.   Attached hereto as Exhibit C are copies of the the FAA Registry and the Washoe County personal property listing.

12.     The Airplane is not in a condition to fly as some of its parts have been removed and it is currently on jacks. Id.; Lovato Declaration.

13.     The Trustee has been informed by counsel for the Truckee Tahoe Airport that because the Airplane is not in flyable condition, Federal Aviation Administration regulations require that the Trustee remove the Airplane from the hangar as soon as possible.  Lovato Declaration.  The Trustee has not uncovered evidence that the Airplane is insured. Id. The Trustee has been informed that the cost to move the Airplane will be significant, potentially equal to the value of the Airplane. Id.

14.     Also located in hangar B8 was a 1997 Harley Davidson motorcycle, VIN 1HD1GEL10VY321061.  Attached hereto as Exhibit D is a photograph of the Motorcycle.  The Debtor listed the Motorcycle on his Amended Schedule B with a value of $6,000, see Docket

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

4

1   No. 63, p. 4, and exempted the Motorcycle on his Schedule C under NRS 21.090(1)(z), the "wild

2   card" exemption, in the amount of $1,000.  Docket No. 1, p. 13.

3       15.    The Auctioneer retrieved the Motorcycle from hangar B8 and transported it to her

4   storage facility, where it is currently stored pending auction.  Lovato Declaration.

5       16.    Also located in hangar B8 is the Remaining Property, consisting of a variety of

6   smaller items such as artwork and appliances.  Id.  The Trustee intends to auction any of the

7   valuable Remaining Property and abandon to the Debtor the items of a personal nature or of

8   inconsequential value.  Id.

9       17.    The Trustee is not in possession of all of the titles to the above mentioned

10  Property.  Id. To the extent that that the Trustee is unable to obtain such titles from the Debtor

11  prior to auction, the Trustee requests that the Sale Order provide notice to the Nevada and/or

12  California Department of Motor Vehicles, the Nevada Department of Wildlife, the Federal

13  Aviation Administration and any other relevant governmental agencies that the Trustee is the

14  proper party to obtain free and clear title and registration for the Airplane, Boat, Trailer and

15  Motorcycle.

## III.    LEGAL DISCUSSION

### A.    Motion to Sell Property Free and Clear of Liens and Claims

#### 1.    The Court Should Approve The Sale Pursuant to 11 U.S.C. §363

19      Section 363(b) of the Bankruptcy Code provides that "[t]he trustee, after notice and a

20  hearing, may use, sell, or lease, other than in the ordinary course of business, property of the

21  estate." 11 U.S.C. §363(b). The standard for approval of a sale of property of the estate under

22  Section 363 is whether there exists some articulated business justification for the proposed

23  transaction, and whether the sale is in the best interests of the debtor, creditors and equity

24  holders.  Walter v. Sunwest Bank, 83 B.R. 14, 19 (9th Cir. BAP 1988) (quoting Institutional

25  Creditors of Continental Airlines, Inc., 780 F.2d 1223, 1226 (5th Cir. 1986).  In making such a

26  determination, courts may look to the following factors, not all of which are relevant here:

27          1. Has the debtor articulated a business justification for the
            request;

28

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

2. Is it good business judgment for the debtor to enter into the proposed transaction;

3. Will the proposed transaction further the diverse interests of the debtor, creditors and equity holders alike;

4. Is the asset increasing or decreasing in value;

5. Does the proposed transaction specify terms for adoption of the reorganization plan (as in Braniff); and

6. Will approval of the proposed transaction effectuate a *de facto* reorganization in such a "fundamental fashion" as to render creditors' rights under the other provisions of chapter 11 meaningless.

In re Work Recovery, 202 B.R. 301, 304 (Bankr. D. Ariz. 1996); In re Wilde Horse Enterprises, Inc., 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991) ("In any sale of estate assets, the ultimate purpose is to obtain the highest price for the property sold.").

Further, according to 11 U.S.C. §363(f),

[t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Rule 6004(f) of the Federal Rules of Bankruptcy Procedure provides that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." Fed. R. Bankr. Pro. 6004(f)(1). A trustee has broad discretion in determining the manner of sale, including whether to sell property by public or private sale. In re Canyon Partnership, 55 B.R. 520, 524

DAVIS GRAHAM & STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

(Bankr. S.D. Cal. 1986); In re Frezzo, 217 B.R. 985, 989 (Bankr. M.D. Penn. 1988).

Rule 2002(c)(1) of the Federal Rules of Bankruptcy Procedure provides that:

> [n]otice of a proposed use, sale or lease of property .... shall include the time and place of any public sale, the terms and conditions of any private sale and the time fixed for filing objections.

In this case, the proposed sale of all of the Property will be by public auction, albeit at separate locations. The Auctioneer will conduct an auction of the Airplane, Boat, Trailer, Motorcycle and Remaining Property. The sale is in the best interests of the estate and its creditors because the auction of these items will allow the Trustee to receive cash and avoid high transport costs as well as long-term storage costs. As the Court knows, the case is at the present stage because the Debtor only just recently turned over to the Trustee some of the supporting documentation needed to complete his tax returns for tax years 2008 – 2015. The Trustee's accountant is just beginning the process of reviewing those documents and completing the tax returns. Because that process could be lengthy, the Trustee does not believe it is cost effective for the estate to pay transfer and/or storage fees for the Property, most or all of which is uninsured, pending a tax liability determination.

The auctioneer will conduct the auction of the Airplane in place, at the Truckee Tahoe Airport in hangar B8. The successful buyer will be required to remove the Airplane within a very short time frame after purchase. The Airplane auction will bring cash into the estate without the estate incurring the great expense of moving the Airplane to another auction location.

The sale of the Property will be "as is, where is" and without any warranties. There are no known liens against any of the Property and applicable nonbankruptcy law permits the sale free and clear of liens, claims and encumbrances. The Trustee believes that sufficient justification exists for the proposed sale of the Property as the Property was undisclosed and is uninsured (except the Motorcycle) and will be costly to transport and store. Accordingly, the Trustee asks the Court to approve the Motion seeking authority to sell the Property free and clear of liens, claims and encumbrances.

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

7

**2.    Waiver of Stay Pursuant To Rule 6004(h)**

The Trustee additionally asks this Court to order that the sale of the Property is not stayed pursuant to Fed. R. Bankr. Pro. 6004(h).    Rule 6004(h) provides that "[a]n order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The uninsured Property is currently located either at the Auctioneer's storage facility or at the Truckee Tahoe Airport for which the estate is incurring storage costs.    The order approving this Motion should not be stayed so that the Trustee may immediately effectuate the sale and avoid extra costs.

**3.    Compliance with Local Rule 6004(b)**

The requirements of Local Rule 6004(b) are addressed below:

(1) A copy of the proposed purchase agreement, or a form of such agreement substantially similar to the one the debtor reasonably believes it will execute in connection with the proposed sale. Trustee's Response: Inapplicable.

(2) A list of all lienholders with an interest in the property to be sold under the sale motion. Trustee's Response: Inapplicable.

(3) A copy of a proposed form of sale order. Trustee's Response: Trustee will comply with LR 9021 in circulating and submitting an order after the hearing.

(4) A request, if necessary, for the appointment of a consumer privacy ombudsman under 11 U.S.C. § 332. Trustee's Response: Inapplicable.  There are no consumer issues here.

(5) The sale motion must highlight material terms, and shall indicate the location of any such provision in the proposed form of order or purchase agreement. Trustee's Response: Satisfied by the foregoing Motion.

(6) In any non-individual chapter 11 case, subsections (A) through (O) are presumptively material.

(A) If the proposed sale is to an insider, as defined in 11 U.S.C. § 101, the sale motion must:

(i) identify the insider; and

(ii) describe the insider's relationship to the debtor.

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

Trustee's Response: Inapplicable.

(B) If a proposed buyer has discussed or entered into any agreements with management or key employees regarding compensation or future employment, the sale motion must disclose the material terms of any such agreements. Trustee's Response: Inapplicable.

(C) The sale motion must highlight any provisions pursuant to which an entity is being released or claims against any entity are being waived or otherwise satisfied. Trustee's Response: Inapplicable.

(D) The sale motion must disclose whether an auction is contemplated, and highlight any provision in which the debtor has agreed not to solicit competing offers for the property subject to the sale motion or to otherwise limit the marketing of the property. Trustee's Response: Satisfied by the foregoing Motion.

(E) The sale motion must highlight any deadlines for the closing of the proposed sale or deadlines that are conditions to closing the proposed transaction. Trustee's Response: Inapplicable.

(F) The sale motion must highlight whether the proposed purchaser has submitted or will be required to submit a good faith deposit and, if so, the conditions under which the deposit may be forfeited. Trustee's Response: Inapplicable.

(G) The sale motion must highlight any provision pursuant to which a debtor is entering into any interim agreements or arrangements with the proposed purchaser, such as interim management arrangements (which, if out of the ordinary course, also must be subject to notice and a hearing under 11 U.S.C. § 363(b)), and the terms of the agreements. Trustee's Response: Inapplicable.

(H) The sale motion must highlight any provision pursuant to which a debtor proposes to release sale proceeds on or after the closing without further court order, or to provide for a definitive allocation of sale proceeds. Trustee's Response: Inapplicable.

(I) The sale motion must highlight any provision seeking to have the sale declared exempt from taxes under 11 U.S.C. § 1146(a), and the type of tax (e.g., recording tax, stamp tax, use tax, or capital gains tax) for which the exemption is sought. It is not sufficient to refer simply to "transfer" taxes and the state or states in which the affected property is located. Trustee's Response: Inapplicable.

(J) If the debtor proposes to sell substantially all of its assets, the sale motion must highlight whether the debtor will retain, or have reasonable access to, its books and records to enable it to administer its bankruptcy case.

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

9

Trustee's Response: Inapplicable.

(K) The sale motion must highlight any provision pursuant to which the debtor seeks to sell or otherwise limit any rights to pursue avoidance claims under chapter 5 of Title 11 of the United States Code. Trustee's Response: Inapplicable.

(L) The sale motion must highlight any provision limiting the proposed purchaser's successor liability. Trustee's Response: Inapplicable.

(M) The sale motion must highlight any provision by which the debtor seeks to sell property free and clear of a possessory leasehold interest, license or other right. Trustee's Response: Inapplicable.

(N) The sale motion must highlight any terms with respect to credit bidding pursuant to 11 U.S.C. § 363(k). Trustee's Response: Inapplicable.

(O) The sale motion must highlight any provision whereby the debtor seeks relief from the fourteen (14) day stay imposed by Fed. R. Bankr. P. 6004(h). Trustee's Response: Addressed in the foregoing Motion.

## B.    Motion to Abandon

Section 554 of the Bankruptcy Code provides:

> After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

11 U.S.C. § 554(a); Fed. R. Bankr. P. 6007; Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 709-10 (9th Cir. 1986). The Trustee is vested with discretion to abandon property of the estate in the best interests of the estate. In re Nevin, 135 B.R. 652 (Bankr. D. Haw. 1991); In re Interpictures, Inc., 168 B.R. 526 (Bankr. E.D. N.Y. 1994) ("From the beginning of modern bankruptcy law, the courts have uniformly held that a trustee's power to abandon property is discretionary.") (citing First Nat. Bank v. Lasater, 196 U.S. 115, 119, 25 S. Ct. 206, 208, 49 L. Ed. 408 (1905)). The Trustee may abandon property upon a showing that it is either burdensome or of inconsequential value and benefit to the estate. In re Johnston, 49 F.3d 538, 540 (9th Cir. 1995).

> The only issue before the court in an application for abandonment is whether there is a reason that the estate's interest in the property should be preserved or, instead, whether the property is so worthless or burdensome to the estate that it should be

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

removed therefrom.

In re K.C. Mach. & Tool Co., 816 F.2d 238, 246 (6th Cir. 1987) (quoting In re Tyler, 15 B.R. 258 (Bankr. E.D. Pa. 1981)). "The fact that the trustee realizes some value from estate property, however, does not preclude abandonment of that property at a later date." In re Nicholson, 57 B.R. 672, 677 (Bankr. D. Nev. 1986).

In this case, the Trustee will consult with her Auctioneer regarding whether the Remaining Property is of value and worth auctioning. In the event the Trustee determines that some or all of the Remaining Property is of inconsequential value or is burdensome to the estate, the Trustee will seek to abandon the Remaining Property to the Debtor. In the interests of judicial efficiency and to avoid an additional motion to this Court and the accompanying costs thereto, the Trustee seeks such approval in the present motion.

## IV.    **CONCLUSION**

For these reasons, the Trustee asks the Court to GRANT this Motion in its entirety and order that: (1) the Trustee has the authority to sell the Property at auction free and clear of any liens, claims and encumbrances under the terms outlined in the above Motion; (2) the Order approving this Motion includes that the sale be deemed "as is where is" and without warranty; (3) the order approving this Motion not be stayed pursuant to Fed. R. Bank. Pro. 6004(h); (4) the Trustee, in her discretion, may abandon the Remaining Property to the Debtor.

DATED this 24th day of June, 2016.

DAVIS GRAHAM & STUBBS LLP

/s/ Elizabeth High, Esq.
CECILIA LEE, ESQ.
ELIZABETH HIGH, ESQ.

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

11

# EXHIBIT A



# EXHIBIT B







# EXHIBIT C

# FAA REGISTRY
## N-Number Inquiry Results

### N2042P is Assigned

## Aircraft Description

| | | | |
|---|---|---|---|
| **Serial Number** | 23-625 | **Status** | Expired |
| **Manufacturer Name** | PIPER | **Certificate Issue Date** | 08/15/1991 |
| **Model** | PA-23-150 | **Expiration Date** | 05/31/2015 |
| **Type Aircraft** | Fixed Wing Multi-Engine | **Type Engine** | Reciprocating |
| **Pending Number Change** | None | **Dealer** | No |
| **Date Change Authorized** | None | **Mode S Code (base 8 / oct)** | 50321613 |
| **MFR Year** | 1956 | **Mode S Code (base 16 / hex)** | A1A38B |
| **Type Registration** | Individual | **Fractional Owner** | NO |

## Registered Owner

| | | | |
|---|---|---|---|
| **Name** | WILLIAM JOHNSON M JR | | |
| **Street** | PO BOX 1334 | | |
| **City** | CRYSTAL BAY | **State** | NEVADA |
| **County** | WASHOE | **Zip Code** | 89402-1334 |
| **Country** | UNITED STATES | | |

## Airworthiness

| | | | |
|---|---|---|---|
| **Engine Manufacturer** | LYCOMING | **Classification** | Standard |
| **Engine Model** | 0-320 SERIES | **Category** | None |
| **A/W Date** | 06/28/1956 | | |

The information contained in this record should be the most current Airworthiness information available in the historical aircraft record. However, this data alone does not provide the basis for a determination regarding the airworthiness of an aircraft or the current aircraft configuration. For specific information, you may request a copy of the aircraft record at http://aircraft.faa.gov/e.gov/ND/

## Other Owner Names
None

## Temporary Certificates

None

**Fuel Modifications**

None

| | WASHOE COUNTY ASSESSOR PERSONAL PROPERTY DATA | 06/24/2016 |
|---|---|---|

Account: 5600669
Account Status: PROVISIONAL

### Aircraft Information

| | |
|---|---|
| Facility: | RENO-TAHOE AIRPORT |
| Mailing Address: | JOHNSON, WILLIAM M JR<br>PO BOX 1334<br>CRYSTAL BAY NV 89402 |
| Tax District: | 1000<br>Tax Information for this Account from the Treasurer's Office |
| Year & Make: | 1956 PIPER |
| Model Number: | PA-23-150 |
| N Number: | N2042P |
| Serial Number: | 23-625 |

### Assessed Value History

| Tax Year | Assessed Value |
|---|---|
| 2014 | $ 10,675 |

# EXHIBIT D

